**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**FOURTH DIVISION**
**CIVIL ACTION NO. 00-CV-1934 ADM/AJB**

---

Jonathon M. West,

Plaintiff,

v.

Valley Sales of Waconia, Inc.,
a Minnesota corporation,

Defendant.

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

---

The Stipulation for Protective Order shall govern the use of the following documents during the course of this action: Spreadsheet Identifying Vehicles Sold 2/02/00 through 3/27/00 bate stamped 000463 through 000467; Spreadsheet Identifying Vehicles Plaintiff Sold bate stamped 000468; Mr. West's Sales Documents bate stamped 000264 through 000363; Salesperson Commission Reports 1/10/00 through 12/31/00 bate stamped 000180 through 000263; Spreadsheet Identifying All Vehicles Sold by Valley Sales During Plaintiffs Employment bate stamped 000001 through 000005; Employment Roster bate stamped 000005; Personnel Files bate stamped 000007 through 000138; Bonus and Commission Plans bate stamped 000469 through 000470; Salesperson Commission Report Per Pay Period bate stamped 000611 through 000947; and the letters from Plaintiff's counsel to the EEOC dated 5/19/00 and 6/9/00 bate stamped 000949 through 000956. In addition to the extent they exist, this Stipulation for Protective Order and Order shall also govern the use of the following documents during the course of this action: calendars and/or work related diaries of Paul Brown and Jim Paul, and Plaintiff's employment records, tax records and medical records. These documents shall be

FILED FEB 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

deemed "Confidential Information" and will be treated in accordance with the provisions of this Stipulation.

1. Confidential Information, shall be disclosed, displayed or revealed only to the persons described below and shall be used for no purpose other than prosecuting or defending any legal claims between the parties in this action (including any bifurcated trial and any appeals and retrial), and not in any other litigation or administrative or judicial proceeding.

2. Confidential Information may only be disclosed, displayed or revealed to the following persons:

   a. Counsel of record for Plaintiff and Defendant and such counsel's partners, associates, co-counsel, legal assistants, secretarial and office staff;

   b. Witnesses in depositions or at trial;

   c. Experts and employees of experts retained or expected to be retained by Plaintiff or Defendant and/or counsel of record for Plaintiff or Defendant;

   d. Copy companies, court reporters and other individuals or entities engaged to provide litigation support services; and

   e. The Court.

3. Prior to the disclosure of Confidential Information to any person identified in paragraphs 2 (b), 2(c) and 2(d), above, counsel shall inform the person or entity of the terms of this Order, and may disclose information subject to the terms of this Order, provided counsel has secured a signed undertaking in the form of Exhibit "A" attached hereto from each such individual or officer of such entity prior to disclosing Confidential Information. Unless otherwise ordered by the Court, any

Confidential Information presented to the Court pursuant to paragraph 1(e) shall be filed under seal in an envelope prominently marked with the caption of the case and the notation:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF (DATE) TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

4. Persons to whom Confidential Information is disclosed are hereby ordered not to disclose any such information to any individual or entity that would not otherwise have access to such information under the provisions of this Order.

5. The execution of this Stipulation and Order shall not:

   a. Restrict the rights of the parties to conduct or engage in the process of discovery or object thereto, as permitted by law, except to the extent set forth herein; and

   b. Constitute a waiver of the right of any party to object on any ground permitted by the Rules of Evidence or the Rules of Civil Procedure to the admissibility or use of any information or trial or in other proceedings.

6. The provisions of this Order shall not terminate at the conclusion of this case. The parties agree that the court shall have continuing jurisdiction over this case for purposes of construction and enforcement of this agreement. All Confidential Information shall be made available for return within thirty (30) days after a request by the disclosing party, which request shall not be made until after the conclusion of the litigation, including all appeals and retrials at which time counsel for the parties to this action shall return any and all documents subject to

this Order within thirty (30) days and shall certify to all counsel for the parties that all documents subject to this Order have, in fact, been returned or destroyed.

7. Nothing in this Order shall prevent any party from seeking a modification of the Order, but all documents and information disclosed by any part shall be treated in accordance with this Order until counsel otherwise agree or the Court otherwise orders.

Dated: 2/12/01

NICHOLS KASTER & ANDERSON

By ______________________

John A. Fabian #13482X
4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
612-338-1919

ATTORNEYS FOR PLAINTIFF

Dated: 2/14/01

SEVERSON, SHELDON, DOUGHERTY & MOLENDA, P.A.

______________________

Loren M. Solfest, # 178378
Christopher A. Grove, # 229052
Matthew R. Zahn, # 289000
7300 West 147th Street, Suite 600
Apple Valley, MN 55124
(952) 432-3136

ATTORNEYS FOR DEFENDANT

**ORDER**

Based on the foregoing stipulation, **IT IS HEREBY ORDERED**.

Dated: 2/23/01

The Honorable Arthur J. Boylan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**FOURTH DIVISION**
**CIVIL ACTION NO. 00-CV-1934 ADM/AJB**

---

Jonathon M. West,

Plaintiff,

v.

Valley Sales of Waconia, Inc.,
a Minnesota corporation,

Defendant.

**PROTECTIVE ORDER UNDER FED.R.CIV.P.26(c)(7)**

---

**UNDERTAKING OF**

STATE OF MINNESOTA )
)ss.
COUNTY OF __________ )

I, *, being first duly sworn, state that:

1. My address is *.

2. My present employer is * and the address of my present employment is *.

**EXHIBIT A**

3. My present occupation or job description is *.

4. I have received a copy of the Protective Order in this action signed by the Honorable Magistrate Arthur J. Boylan United States Magistrate Judge on *.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, CONFIDENTIAL MATERIALS which are disclosed to me.

8. I will return all CONFIDENTIAL MATERIALS which may come into my possession and documents or things which I may prepare relating thereto, to authorized counsel for the party by whom I am employed or retained.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

______________________________
*

Subscribed and sworn to before me
this _____ day of February, 2001.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.